UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

SERGIO ZENON,                    :
                                 :CIVIL ACTION NO. 3:17-CV-377
          Plaintiff,             :
                                 :(JUDGE CONABOY)
     v.                          :
                                 :
NANCY A. BERRYHILL,              :
Acting Commissioner of           :
Social Security,                 :
                                 :
          Defendant.             :
                                 :

_____

**MEMORANDUM**

Pending before the Court is Plaintiff's appeal from the Commissioner's denial of Disability Insurance Benefits ("DIB") under Title II of the Social Security Act and Supplemental Security Income ("SSI") under Title XVI. (Doc. 1.) Plaintiff filed applications for benefits in September 2013, alleging a disability onset date of May 22, 2012. (R. 45.) After he appealed the initial denial of the claims, a hearing was held on April 28, 2015, and Administrative Law Judge ("ALJ") Therese A. Hardiman issued her Decision on September 8, 2015, concluding that Plaintiff had not been under a disability during the relevant time period. (R. 45, 58.) Plaintiff requested review of the ALJ's decision which the Appeals Council denied on October 13, 2016. (R. 1-7, 37-41.) In doing so, the ALJ's decision became the decision of the Acting Commissioner. (R. 1.)

Plaintiff filed this action on March 1, 2017. (Doc. 1.) He asserts in his supporting brief that the ALJ erred when she failed

to conclude that Plaintiff's physical impairments were severe impairments. (Doc. 8 at 3.) After careful review of the record and the parties' filings, the Court concludes this appeal is properly denied.

## I. Background

Plaintiff was born on September 22, 1965, and was forty-six years old on the alleged disability onset date. (R. 105.) He has a high school education and past relevant work as a personal care attendant, certified registered nurse's assistant, and security guard. (*Id.*)

### A. *Medical Evidence*

As it is Plaintiff's burden to prove disability, the Court focuses on the evidence of record cited by Plaintiff in support of his arguments. Plaintiff points primarily to evidence related to low back problems, noting that extensive treatment began in 2011. (Doc. 8 at 2.)

Plaintiff had x-ray of the lumbar spine on October 3, 2011, ordered by Dr. Joseph Mussoline. (R. 321.) The following finding was recorded: "Essentially normal study (grade 1 retrolisthesis, L5-S1)." (*Id.*)

Plaintiff had physical therapy for his back pain and reported to providers at St. Luke's Sports & Rehabilitation on October 10, 2011, that he had pain, weakness, gait dysfunction, decreased transfer status/bed mobility, and limitations with activities of

daily living. (R. 322.) Objective evaluation showed decreased flexibility and range of motion of the right lower extremity compared to the left and numbness of the left leg to his toes. (R. 325.)

On December 16, 2013, Mian Shahid, M.D., saw Plaintiff for a disability evaluation. (R. 491.) Plaintiff reported that he had back problems in the lower lumbosacral area, pain went into his legs, he had no weakness in his legs or foot, no weakness in his gait, and activities such as bending, lifting, pulling, and pushing exacerbated his pain. (R. 492.) Neuromuscular examination showed that Plaintiff walked with a normal gait but walked slowly with small steps, he was not able to bend more than ten degrees in his lumbar spine, deep tendon reflexes were normal, power was equal and symmetrical on all levels, straight leg raising on the right caused pain at twenty degrees, he was unable to walk on his heels or toes, but he was able to get on and off the examining table without any assistance. (R. 493-94.) Dr. Shahid assessed chronic low back pain syndrome with L5-S1 radiculopathy on the right side. (R. 494.)

On the same date, Dr. Shahid completed a Medical Source Statement of Ability to Do Work-Related Activities (Physical). (R. 498-503.) Dr. Shahid assessed that Plaintiff had a five pound lifting/carrying limit; he had no problem sitting and could stand for one hour in an eight-hour workday; he had limitations regarding

3

the use of his right hand but no limitations on the use of his feet; and he could never climb ladders or balance. (R. 498-501.) Dr. Shahid did not identify the particular medical or clinical findings that supported his assessments. (*Id.*) Dr. Shahid did not offer an opinion as to whether the limitations had lasted or were expected to last for twelve consecutive months. (R. 503.)

## B. *Testimony*

Plaintiff points to hearing testimony where he talked about significant limitations with standing and walking: he could stand for approximately one-half hour before he had to sit down and he could walk for approximately two blocks. (Doc. 8 at 3 (citing R. 73, 74.)

## C. *ALJ Decision*

In her September 8, 2015, Decision, ALJ Hardiman concluded that Plaintiff had the severe impairments of bipolar disorder and generalized anxiety disorder. (R. 48.) She further concluded that Plaintiff's chronic low back pain was a medically determinable physical impairment but it was non-severe because it did not cause more than minimal limitations in his ability to perform basic work activities. (R. 49.)

Following this initial assessment, ALJ Hardiman engaged in a more detailed discussion of Plaintiff's chronic low back pain, noting that pain is a subjective complaint and not a medically determinable impairment. (*Id.*) She then concluded that

4

Plaintiff's diagnosis of chronic low back pain is not a medically determinable impairment. (*Id.*) ALJ Hardiman also noted that x-ray showed grade 1 retrolisthesis at L5-S1 and Dr. Shahid found that Plaintiff had radiculopathy on his right side. (R. 49-50.)

ALJ Hardiman notes that she considered Plaintiff's severe and non-severe impairments, including his chronic low back pain, in assessing appropriate limitations to Plaintiff's exertional and non-exertional capacities. (R. 51.)

Finding that Plaintiff's impairments did not meet or equal a listed impairment when considered alone or in combination (R. 51), the ALJ assessed Plaintiff's residual functional capcaity ("RFC") (R. 53-54). She determined that Plaintiff could perform medium work except that he was limited to

> occasional climbing, balancing, and stooping but never on ladders. There should be no left overhead reaching and there would be a need to avoid vibrations and hazards. The claimant would be limited to simple, routine tasks and low stress as defined as only occasional decision making required and only occasional changes in the work setting. The claimant should have no interaction with the public but can tolerate occasional interaction with co-workers and supervisors.

(R. 53-54.) With this RFC, ALJ Hardiman concluded Plaintiff could not do his past relevant work but he was able to perform jobs which were available in significant numbers in the national economy. (R. 56-68.) Therefore, she found that Plaintiff had not been under a disability as defined in the Social Security Act from May 22, 2012, through the date of the decision, September 8, 2015. (R. 106-07.)

Other relevant portions of the ALJ's Decision will be referenced in the Discussion section of this Memorandum.

## II. Disability Determination Process

The Commissioner is required to use a five-step analysis to determine whether a claimant is disabled.[1] It is necessary for the Commissioner to ascertain: 1) whether the applicant is engaged in a substantial activity; 2) whether the applicant is severely impaired; 3) whether the impairment matches or is equal to the requirements of one of the listed impairments, whereby he qualifies for benefits without further inquiry; 4) whether the claimant can perform his past work; 5) whether the claimant's impairment together with his age, education, and past work experiences preclude him from doing any other sort of work. 20 C.F.R. §§

---

[1] "Disability" is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months . . . ." 42 U.S.C. § 423(d)(1)(A). The Act further provides that an individual is disabled

> only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work.

42 U.S.C. § 423(d)(2)(A).

404.1520(b)-(g), 416.920(b)-(g); *see Sullivan v. Zebley*, 493 U.S. 521, 110 S. Ct. 885, 888-89 (1990).

If the impairments do not meet or equal a listed impairment, the ALJ makes a finding about the claimant's residual functional capacity based on all the relevant medical evidence and other evidence in the case record. 20 C.F.R. § 404.1520(e); 416.920(e). The residual functional capacity assessment is then used at the fourth and fifth steps of the evaluation process. *Id.*

The disability determination involves shifting burdens of proof. The initial burden rests with the claimant to demonstrate that he or she is unable to engage in his or her past relevant work. If the claimant satisfies this burden, then the Commissioner must show that jobs exist in the national economy that a person with the claimant's abilities, age, education, and work experience can perform. *Mason v. Shalala*, 993 F.2d 1058, 1064 (3d Cir. 1993).

As set out above, the instant decision was decided at step five of the sequential evaluation process when the ALJ found that Plaintiff could perform jobs that existed in significant numbers in the national economy. (R. 57-58.)

### III. Standard of Review

This Court's review of the Commissioner's final decision is limited to determining whether there is substantial evidence to support the Commissioner's decision. 42 U.S.C. § 405(g); *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999). Substantial evidence

means "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *see also Cotter v. Harris*, 642 F.2d 700, 704 (3d Cir. 1981). The Third Circuit Court of Appeals further explained this standard in *Kent v. Schweiker*, 710 F.2d 110 (3d Cir. 1983).

> This oft-cited language is not . . . a
> talismanic or self-executing formula for
> adjudication; rather, our decisions make
> clear that determination of the existence *vel
> non* of substantial evidence is *not* merely a
> quantitative exercise. A single piece of
> evidence will not satisfy the substantiality
> test if the Secretary ignores, or fails to
> resolve, a conflict created by countervailing
> evidence. Nor is evidence substantial if it
> is overwhelmed by other evidence--
> particularly certain types of evidence (e.g.,
> that offered by treating physicians)--or if
> it really constitutes not evidence but mere
> conclusion. *See* [*Cotter*, 642 F.2d] at 706
> ("'Substantial evidence' can only be
> considered as supporting evidence in
> relationship to all the other evidence in the
> record.") (footnote omitted). The search for
> substantial evidence is thus a qualitative
> exercise without which our review of social
> security disability cases ceases to be merely
> deferential and becomes instead a sham.

*Kent*, 710 F.2d at 114.

This guidance makes clear it is necessary for the ALJ to analyze all probative evidence and set out the reasons for his decision. *Burnett v. Comm'r of Soc. Sec.*, 220 F.3d 112, 119-20 (3d Cir. 2000) (citations omitted). If he has not done so and has not sufficiently explained the weight given to all probative exhibits,

"to say that [the] decision is supported by substantial evidence approaches an abdication of the court's duty to scrutinize the record as a whole to determine whether the conclusions reached are rational." *Dobrowolsky v. Califano*, 606 F.2d 403, 406 (3d Cir. 1979). In *Cotter*, the Circuit Court clarified that the ALJ must not only state the evidence considered which supports the result but also indicate what evidence was rejected: "Since it is apparent that the ALJ cannot reject evidence for no reason or the wrong reason, an explanation from the ALJ of the reason why probative evidence has been rejected is required so that a reviewing court can determine whether the reasons for rejection were improper." *Cotter*, 642 F.2d at 706-07. However, the ALJ need not undertake an exhaustive discussion of all the evidence. *See*, *e.g.*, *Knepp v. Apfel*, 204 F.3d 78, 83 (3d Cir. 2000).

A reviewing court may not set aside the Commissioner's final decision if it is supported by substantial evidence, even if the court would have reached different factual conclusions. *Hartranft*, 181 F.3d at 360 (*citing Monsour Medical Center v. Heckler*, 806 F.2d 1185, 1190-91 (3d Cir. 1986); 42 U.S.C. § 405(g) ("[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . ."). "However, even if the Secretary's factual findings are supported by substantial evidence, [a court] may review whether the Secretary, in making his findings, applied the correct legal standards to the

facts presented." *Friedberg v. Schweiker*, 721 F.2d 445, 447 (3d Cir. 1983) (internal quotation omitted). Where a claimed error would not affect the outcome of a case, remand is not required. *Rutherford v. Barnhart*, 399 F.3d 546, 553 (3d Cir. 2005). Finally, an ALJ's decision can only be reviewed by a court based on the evidence that was before the ALJ at the time he or she made his or her decision. *Matthews v. Apfel*, 239 F.3d 589, 593 (3d Cir. 2001).

## IV. Discussion

Plaintiff asserts generally that the Acting Commissioner's determination is error because the ALJ failed to conclude that Plaintiff's physical impairments were severe impairments and avers specifically that his low back condition is a severe impairment. (Doc. 8 at 3, 6-7.) Defendant responds that remand is not warranted on the basis of Plaintiff's claimed step two error because the ALJ's step two evaluation is supported by substantial evidence. (Doc. 9 at 10-14.) Alternatively, Defendant maintains that, even assuming the ALJ should have found that Plaintiff's back pain constituted a severe impairment, there is no basis for remand because she included relevant limitations in later steps of the sequential evaluation process. (*Id.* at 14 (citing *Rutherford*, 399 F.3d at 553).) The Court concludes Plaintiff has not shown that the claimed step two error is cause for remand because, assuming *arguendo* there is merit in Plaintiff's basic contention, Plaintiff has not attempted to show that credibly established limitations

10

were not addressed at later stages of the evaluation process.

If the sequential evaluation process continues beyond step two, a finding of "nonsevere" regarding a specific impairment at step two may be deemed harmless if the functional limitations associated with the impairment are accounted for in the RFC. *See Rutherford*, 399 F.3d at 553; *see also Salles v. Commissioner of Social Security*, 229 F. App'x 140, 145 n.2 (3d Cir. 2007) (not precedential) (citing *Rutherford*, 399 F.3d at 553). In other words, because the outcome of a case depends on the demonstration of functional limitations rather than a diagnosis, where an ALJ identifies at least one severe impairment and ultimately properly characterizes a claimant's symptoms and functional limitations, the failure to identify a condition as severe is deemed harmless error. *Garcia v. Commissioner of Social Security*, 587 F. App'x 367, 370 (9th Cir. 2014) (citing *Lewis v. Astrue*, 498 F.3d 909, 911 (9th Cir. 2007)); *Walker v. Barnhart*, 172 F. App'x 423, 426 (3d Cir. 2006) (not precedential) ("Mere presence of a disease or impairment is not enough[;] a claimant must show that his disease or impairment caused functional limitations that precluded him from engaging in any substantial gainful activity."); *Burnside v. Colvin*, Civ. A. No. 3:13-CV-2554, 2015 WL 268791, at *13 (M.D. Pa. Jan. 21, 2015); *Lambert v. Astrue*, Civ. A. No. 08-657, 2009 WL 425603, at *13 (W.D. Pa. Feb. 19, 2009).

Rather than argument, basically Plaintiff provided a two-

paragraph summary of the ALJ's consideration of his back condition. (Doc. 8 at 6-7.)  He merely stated in a conclusory manner that he "has a low back condition that should have been assessed to be a severe impairment as it causes more than de minimis limitation on the Claimant's ability to function per the Consultative Examiner's assessment.  As this de minimis standard has been met, this matter must be remanded back to the ALJ for further consideration."  (Doc. 8 at 7.)

Importantly, Plaintiff does not acknowledge that the ALJ specified that she considered non severe impairments, including the back condition, in her RFC determination (R. 51, 53-54); he does not identify credibly established limitations which were not included in the RFC; and he does not point to any specific harm. Plaintiff did not reply to Defendant's argument regarding harmless step two error and his perfunctory consideration of the claimed error in his supporting brief does not satisfy his burden of showing harmful error.  Therefore, Plantiff's claimed step two error is not cause for remand.

### V. Conclusion

For the reasons discussed above, the Court concludes Plaintiff's appeal is properly denied.  An appropriate Order is filed simultaneously with this Memorandum.

<div style="margin-left:40%">

S/Richard P. Conaboy
RICHARD P. CONABOY
United States District Judge

</div>

DATED: September 28, 2017